and Mr. Donovan will be appearing by video, so I just want to make sure that you can see and hear us and that we can see and hear you. I can see and hear you. I hope you can see and hear me. Yeah. That will work fine. Thank you. Okay. So, go ahead and get started whenever you're ready. May I please, well, thank you for allowing me to appear via remote feed. We're in the midst of picking a jury in a multi-defendant RICO case in the federal district court in Bridgeport. I would, of course, much rather be in New York than here. I have three arguments in my brief. The first, I should win, but it doesn't do me any good. The second and third are much more difficult, mainly because the standard of review for each of them is awfully unforgivingly high. The second argument has to do with what should excuse our appellate waiver, our appeal waiver, and allow, and reach the third question of the brief. The standard of review there is plain in error, which is, which is, of course, one of the higher standards of review. Our argument essentially is that the plea colloquy was not a model of clarity. It's difficult for, on first reading at least, for even someone experienced in the court to understand. Nothing that's said is wrong, but I don't think we can have any real confidence that the plea colloquy demonstrates that the defendant really did knowingly and willingly enter into an appeal waiver. You know, the judge begins by talking about- The question would be whether the confusion that you're describing caused your client to take a deal that he wouldn't otherwise have, right? So, can you explain how the confusion did that? Yeah, I mean, I guess, well, let me say, he's not trying to withdraw his plea, and so, let me start off by saying that, and so the question, I think, to rephrase it is, would he have submitted his plea if he knew that he was waiving his right to appeal his sentence? And my answer is, I don't think you can tell that from the record. I think that the Rule 11 canvass should demonstrate conclusively that a defendant is acting knowingly and willfully. I mean, there's no way that I can supplement, you know, I can't submit an affidavit to this court saying, oh, I never would have entered my plea if I had not. But don't you also, though, have the issue of the fact that you're not seeking to withdraw the plea, that the relief that you're seeking isn't, I mean, accepting the idea that the plea colloquy was not sufficient, the remedy for that would be getting the plea back, which is not what you're seeking. No, that's right. But I think that we're, I guess the law isn't really clear on this, but I do think that where someone, where an appeal waiver is not, well, there's something wrong with the appeal and, you know, there's a problem with the drafting of the plea agreement or something. I think an appropriate remedy might well be, you know, just to allow the appeal to continue and deal with the substantive question presented. Off the top of my head, can I name any cases in which that's happened? I'm not sure I can, but, oh, I can't. But at least I argue that. And then the third, the third, the third argument is even, is even more difficult because in order for you to, to find that a sentence was substantively unreasonable, it was to be located outside the range of permissible decisions. But, you know, here in my brief, I repeat pretty much what defense counsel said during the course of his sentencing argument. You know, you have, you have a fellow who's had mental problems throughout the course of his life. He's been drug addicted throughout the course of his life. While he's been in jail, he's gotten his GEDs, helped other prisoners get their GEDs. He seems to be a good father. He's got a bad criminal record, but he also, he also seems motivated to a treatment. And so, you know, for all of those reasons, I'd ask that you honor, forgive us for our getting into an appeal and find the sentence was substantively unreasonable. Okay. Thank you, counsel. And we'll hear from the government. Good morning. May it please the court. My name is Tiffany Lee and I represent the United States. Your honors, Mr. Simmons fails to demonstrate why the appellate waiver here is unenforceable. Here, the record shows that the district court conducted a thorough rule 11 process. And at the outset of the proceeding, specifically asked Mr. Simmons, have you had enough time to go over the plea agreement itself? Don't you think though that the language of this waiver is not great? I mean, the first thing the judge said, this whole notion about you can't appeal a sentence less than 188 months, but that's not even what the parties are talking about. I mean, it definitely doesn't seem like the best worded waiver. Wouldn't you agree? Or maybe you don't. You don't have to agree. To the extent that it refers to like a paragraph in the appellate waiver section, because it says that the defendant knowingly waives to appeal or collaterally attack any sentence, which falls within the range discussed in paragraph 15A, which was the higher of the two ranges here that was being considered by the district court in light of the uncertainty as to what constitutes a controlled substance offense under the career offender provisions. So could it have been more clear in terms of saying knowingly waives the right to appeal a sentence between X number of months and Y number of months? Certainly. But here, there is no indication that there was any true confusion as to what the appellate waiver was asking. The district court judge Siragusa was going through with Mr. Simmons and saying, hey, the court above me is this. And especially under the circumstances here where it was a stipulated sentence. So Mr. Simmons was well aware. But doesn't that make it worse, the fact that all the numbers he's heard are, I don't have the range in front of me, up to 105 or what have you. And then all of a sudden now at the sentencing or I guess at the plea, they're mentioning 188 months. Like that's never been heard. I mean even the judge initially, the first thing he said was, I think the language was something like this doesn't make sense or I don't understand why. I'm a tad confused. I think he was just confused in terms of the fact that, you know, what you have here was a waiver to the higher range in terms of the two ranges that the parties had understood could be in play. And here, as the government attorney explained, to the extent that Mr. Simmons decided if Judge Siragusa said I am not going to the higher range up to 180, I forgot what the exact number is, that he would still be giving his right to appeal any sentence which would be capped at that 180 blah blah months, like the high end of the higher range. That's what Mr. Simmons was just giving his right to appeal. But here it comes down to this. Mr. Simmons entered into a plea agreement in which he knew that should the his range would be 84 to 105 months, which is within and less than that higher range discussed in the appellate waiver. So regardless. Yeah. Is your argument that the judge subsequently cleared up? There is clearly some confusion. And then the judge asked counsel, help me out with that. And the 188 number, they kind of decided that's not likely to happen. And then did that clear things up? I think he cleared things up by just saying, listen, do you understand that you have exposure, like in terms of your waiver to appeal would be you're waiving your right to appeal any sentence that's within or less than 188 months. Certainly the 84 to 105 sits well within that appellate waiver range anyways. But the more important focus, which happened prior to the discussion about the appellate waiver, was the whole notion that your exposure here is most likely going to be 84 to 105 months. And what he was sentenced to was well within the terms of the rule 11C1C plea agreement. And that is well within the terms of the appellate waiver itself in terms of what he would be waiving his right to appeal. I understand what your argument is. I think part of just my concern is the idea that there was a moment where it was not clear what was going on. And so perhaps your position, as Judge Park suggested, but you did not seem to adopt, is that once this confusion came up and the judge had this further discussion, that then the confusion was cleared up. And I think that's- I think there was no confusion in terms of, from Mr. Simmons' standpoint, as to what the appellate waiver required. And how do we know that? And we know that because right at the outset, he indicated he fully read the terms of the plea agreement. He read it with counsel. He was well satisfied with counsel because counsel told him, was straight up with him, and basically, earlier on in the plea colloquy, when he was asking about Mr. Christie's representation, he had made something along the lines of, are you satisfied with Mr. Christie's advice and representation, the job he's done for you? Yes, he's definitely worked for- Yeah, but these are sort of fallback arguments when we have a Rule 11 problem, right? Because Rule 11 is talking about making sure the defendant understands. And so I understand that it's a fallback when the colloquy is not clear. So here we have both an unclear colloquy and an unclear written agreement. I mean, this is probably this guy's first or second plea agreement in federal court, and it's my 5,000th that I had to read it several times. But when you have both of those, doesn't the court have an obligation to really make sure to pause for a minute and say to the defendant, do you understand that under this agreement, you are waiving your right to appeal any sentence that is 188 months of imprisonment or less and get an answer? I think what you're saying is this is good enough, and I understand that argument, and I'm not necessarily saying you're wrong, but this is very confusing and problematic, and I'm concerned that we should make sure that the prosecutor intervenes or the court understands that this is problematic. I think the government explained the reason why that the waiver was as to the higher range up to 188. And in that regard, basically, the government counsel indicated that there's a possibility you may not judge except the Rule 11C1C plea, in which case it's up to Mr. Simmons to decide whether or not he's going to stay in or stay out. If he decides to stay in, then if that guidelines is the correct guidelines and survives, then that's the new range, and in which case Mr. Simmons would be waiving his right to appeal a sentence that is within or less than that range. Ultimately here, Mr. Simmons got the bargain that he wanted. He wanted a range, a solid range in which he knew what he was going to get between 84 and 105 months. And truly, you know, the fact that he's not seeking withdrawal of his guilty plea is clear indication that there was no issue with this plea colloquy. Basically, the court, you know, to the extent all we're given is this one sentence of, but do you understand that? The defendant, no response. Do you understand that, Mr. Simmons? The defendant, sir, yes, sir. And there were plenty of other times in which the district court would have asked the defendant, if you have any further questions, let me know, and that did not happen here. Accordingly, the appellate waiver should be enforced, and this appeal should be dismissed. Thank you, counsel. Thank you both. We'll take the case under advisement.